## DALY v. PENNSYLVANIA R. CO.

(District Court, E. D. New York. March 11, 1919.)

TOWAGE ⬯11(4)—INJURY OF TOW BY ICE—LIABILITY OF TUGS.

Tugs, which on their own initiative took a tow of light barges, two in a tier, through ice in the Kills. *held* liable for injury of one of the front tier by the ice.

In Admiralty. Suit by Bartle Daly against the Pennsylvania Railroad Company. Decree for libelant.

Macklin, Brown, Purdy & Van Wyck, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City, for claimant.

CHATFIELD, District Judge. The barge Emma B. Gray was injured while in the front tier of a tow taken through the ice in the Kills on the way to South Amboy, N. J., on January 1, 1918, by Pennsylvania tug 32, assisted by Pennsylvania tug 35. The temperature was several degrees below zero. The Kills were full of ice, which was broken and floating as far as the Baltimore & Ohio bridge,, and below that was solid, except for a channel through the middle of the Kills. Tug 35 was ahead of tug 32, towing tandem, and the barges were arranged two in a tier.

The testimony of the experts who examined the boat shows plainly a deep gouge along the starboard side of the boat just above the water line, which could have been caused by nothing but contact with ice. This tow of seven light boats, with two powerful tugs, was unable to make more than one mile an hour; the obstruction from the ice must have been very great, and the damage to the boat must have been caused by proceeding under such circumstances.

There is no reason to hold the owner of the boat responsible for having consented to the use of his boat under such conditions, for she had been moved around the harbor and taken to the stake boat the day before. The trip through the Kills was entirely in the control of the tugs and not a joint venture by the owner of the barge. See The Phœnix (D. C.) 143 Fed. 350.

The case at bar resembles Monk v. Cornell Steamboat Co., 198 Fed. 472, 117 C. C. A. 232, The Rambler (D. C.) 66 Fed. 355, and The Packer (C. C.) 28 Fed. 156, rather than The Hercules, 213 Fed. 615, 130 C. A. 207, and the tugs in the present case were plainly negligent in attempting the passage under such circumstances, without towing side by side so as to break a sufficiently wide channel for the passage of the boats, or without dropping the barges back so as to tail one behind the other.

The libelant may have a decree.